# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN PAUL SINGH, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:18-CV-717 |
| KEVIN KAUFFMAN, | : | (Judge Brann) |
| Defendant. | : | |

## MEMORANDUM OPINION

### APRIL 19, 2018

**I.  BACKGROUND**

Ryan Paul Singh, an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon) initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The required filing fee has been paid.  For the reasons set forth below, Singh's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915A.

Named as sole Defendant is SCI-Huntingdon Superintendent Kevin Kauffman.  Plaintiff describes himself as being a real party in interest, third party intervenor, and secured party creditor.  Singh vaguely contends that his ongoing incarceration is the result of illegal actions undertaken by Lancaster County, Pennsylvania officials.  The Complaint appears to allege that Singh's state criminal prosecution and resulting commitment order violated maritime law and the

Uniform Commercial Code. As relief, Plaintiff seeks his immediate release from prison. *See* Doc. 1, ¶ V.

## II. DISCUSSION

Title 28 U.S.C. § 1915A provides in pertinent part:

> (a) **Screening**. -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal**. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Douris v. Middleton Township*, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

### A. Personal Involvement

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

Furthermore, prisoners have no constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*,

433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Speight v. Sims*, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") . While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Although the Complaint lists Superintendent Kauffman as being the sole Defendant, there are no other factual allegations whatsoever set forth regarding Kauffman except a vague assertion that the Superintendent is holding the Plaintiff pursuant to an illegal commitment order.  It appears that Plaintiff may be improperly attempting to establish liability against the Defendant based upon his supervisory capacity.  Based upon an application of the standards set forth in *Rode*, the Complaint, to the extent that it seeks to establish liability against Defendant Kauffman under a theory of *respondeat superior*, is subject to dismissal.

Likewise, any attempt by Singh to establish liability against the Superintendent based upon the handling of an administrative grievance or

complaint also does not support a constitutional claim. *See Alexander v. Gennarini*, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability).

### B. Injunctive/Declaratory Relief

Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475 (1975), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993). Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). The United States Court of Appeals Third Circuit in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005), reiterated that federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence."

Singh is seeking his release from confinement and challenging the legality of a Lancaster County criminal conviction/criminal prosecution. Requests for injunctive relief of this sort are not properly asserted in a civil rights complaint under the standards announced in *Preiser* and *Leamer. See generally Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus). Likewise, a civil rights claim for

declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

Pursuant to the above discussion, Plaintiff's pending claims and his request for release from confinement are not properly asserted in a civil rights action. If Singh wishes to challenge the legality of his Pennsylvania state criminal conviction, his appropriate federal remedy is to seek federal habeas corpus relief. *See Leamer*, 288 F.3d at 540.

## III. CONCLUSION

Since Plaintiff's pending civil rights complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774. Plaintiff is free to challenge any Lancaster County criminal conviction in a federal habeas corpus proceeding before a federal court having proper jurisdiction. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge